UNITED STATES LUMBER AND SUPPLY COMPANY *v.*
RIVER PARK LAND AND IMPROVEMENT
COMPANY ET AL.

[No. 12,427.   Filed April 6, 1926.   Rehearing denied July 2,
1926.]

1. MECHANICS' LIENS.—*Occupant of real estate under agreement
that when specified amount was paid, he would be entitled to
contract of purchase, could not create lien thereon.*—The occu-
pant of real estate under an agreement that, on the payment
of a specified amount, he should be entitled to a contract of
purchase, could not create a lien thereon by purchasing mate-
rial to be used in erecting a house thereon.   p. 142.

2. MECHANICS' LIENS.—*Materialman who, at request of occu-
pant of lot, furnished lumber to erect house thereon, not enti-
tled to lien, in the absence of proof of authority from owner for
erection of house.*—A materialman who, at request of occupant
of real estate under agreement that, on payment of $25, he was
to be entitled to a contract of purchase, furnished lumber to
erect a house thereon, in the absence of proof of owner's au-
thority to occupant to erect such house, was not entitled to a
mechanic's lien.   p. 142.

3. MECHANICS' LIENS.—*Sufficiency of answer in mechanic's lien
foreclosure discussed.*—In a suit to foreclose a mechanic's lien,
an answer that the defendants never had any interest in the
real estate other than as set out therein, which right had been
forfeited by failure to make the specified payments, was good
as an argumentative denial, although it did not specifically
deny averment of complaint that they were tenants.   p. 142.

From St. Joseph Superior Court; *J. Fred Bingham,*
Judge.

Action by the United States Lumber and Supply Com-
pany against the River Park Land and Improvement
Company and others.   From a judgment for defend-
ants, the plaintiff appeals.   *Affirmed.*   By the court in
banc.

*G. A. Farabaugh, Clem D. Hagerty, Walter R. Arnold*
and *Arnold, Carson & Judie,* for appellant.

*Jones & Obenchain* and *William A. Bertsch,* for appellees.

McMAHAN, J.—This is an action by appellant to foreclose a mechanic's lien. Appellant's demurrer to appellees' answer being overruled, it refused to plead further, and from a judgment in favor of appellees, this appeal.

The complaint alleges that in May, 1923, J. A. Williams and Clyde Vanersdale entered into a contract with the River Park Land and Improvement Company, hereafter referred to as appellee, for the purchase of a certain lot in South Bend, by the terms of which contract, said purchasers "became entitled to take and did take possession of said property as tenants" of appellee. That they, on July 1, 1923, agreed with appellant that it should furnish, and it did furnish, certain materials for the erection of a house on the lot described in the complaint and that the materials so furnished were used in such house; that notice of a mechanic's lien was filed and recorded within sixty days after such materials were furnished. A bill of particulars and a copy of the notice of lien were made a part of the complaint. Dulcie Morrical, Williams, and Vanersdale and wife were also made defendants.

Appellee and Morrical filed an answer alleging: That on January 1, 1923, appellee, being the owner of the lot in question, entered into negotiations with Williams for the sale of such lot, and agreed that upon Williams paying $25, appellee would execute and deliver to him a contract for the sale of the lot; that Williams made three payments of $5, each, but no more; that thereafter Williams agreed with Vanersdale and wife that if the latter would make such payment to appellee, said land contract with appellee should be made to the Vanersdales; that the latter made an additional $5 payment and appellee thereupon executed a contract to the Van-

ersdales, a copy of such contract being made a part of the answer; that the contract provided that the balance of the purchase price should be paid in monthly installments of $5 each and, upon failure to make such payments, the contract might on notice be forfeited; that Williams and the Vanersdales had no interest in said real estate excepting such as they derived through said contract between appellee and the Vanersdales; that the Vanersdales made no further payments on the contract; that appellee served them with notice of forfeiture and that on March 1, 1924, they surrendered possession to appellee, who thereafter sold the lot to appellee Morrical, who has since been the owner thereof.

Appellant contends the demurrer to the answer should have been sustained for the following reasons: (1) That the answer does not deny that Williams and the Vanersdales took possession of the real estate as tenants of appellee as alleged in the complaint and that they continued to remain in possession as tenants during the time the materials were furnished; (2) that the contract between appellee and the Vanersdales contemplated and provided for the erection of a building on the lot, and that in case of a failure to make the payments, the contract should be forfeited and they then should become tenants at will; (3) that the contract between appellee and Williams was to have been of the same character. They say the answer is bad because there is no denial of the allegation in the complaint that Williams and the Vanersdales took possession of the lot in question as tenants of appellee. But it is to be observed that the answer does allege that the parties had no right or interest in the land other than that set out in the answer. And it is alleged in the answer that appellee and Williams had been negotiating for the sale of the lot to Williams and that it had been agreed that appellee would, upon the payment by

U. S. Lumber, etc., Co. *v.* River Park Land, etc., Co.—85 Ind. App. 140.

Williams of $25, enter into a written contract with Williams to convey the lot to him for a named price payable in monthly installments; that Williams did not pay the $25 and that later appellee entered into a written contract agreeing to convey the lot to the Vanersdales. It appears from the pleadings that the materials which appellee furnished Williams were furnished prior to the execution of the contract to the Vanersdales and at a time when Williams had no contract for the purchase of the lot. The materials appear to have been furnished to Williams at a time when the only possible interest he could have had in the lot was such as arose from the agreement that he was to be thereafter given a written contract for the purchase of the lot when he had paid the $25. There are no allegations showing that Williams had any authority to improve the real estate as the agent of appellee, so as to bind the interest of appellee in the real estate. And, as we understand the complaint, appellant does not claim Williams had any such authority. Its contentions seem to be that Williams was a tenant, and that while he was such, appellant furnished the materials to him, and that, under such a state of facts, appellant would be entitled to have a mechanic's lien on the house, with the privilege of foreclosing such lien on the house, with the right to remove the house from the lot on foreclosure sale. The only legitimate inference that can be drawn from the pleadings is that Williams had no leasehold interest in the lot. Having no leasehold interest, he had no interest to which a lien could attach. He had no contract of purchase, and there is no claim that as such he had any authority to erect any building on the lot. The answer is an argumentative denial and was good as against a demurrer.

Judgment affirmed.